IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRADFORD S. MATHENY,
      Petitioner,

vs.                        Case No.:  3:18cv1374/MCR/EMT

MARK S. INCH,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Bradford S. Matheny ("Matheny") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1).  Respondent ("the State") answered, providing relevant portions of the state court record (ECF No. 23).  Matheny replied (ECF No. 30).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of the parties' pleadings and the state court record, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Matheny is not entitled to habeas relief.

## I.    BACKGROUND AND RELEVANT PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed (*see* ECF No. 23 at 2–5; ECF No. 30).  Matheny was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2006-CF-2867, with one count of lewd and lascivious molestation (offender 18 or older, victim less than 12) (Ex. S at 3). [1] On February 12, 2007, Matheny signed a written plea agreement which included the following terms:  (1) Matheny would plead guilty as charged; (2) Matheny would be sentenced to a split sentence of eight (8) years in prison followed by seven (7) years of probation with electronic monitoring; and (3) Matheny would be classified as a sexual predator (*id.* at 25–29).  Matheny agreed that the factual basis for his plea was that on June 4, 2006, he (a 35-year-old man) touched an 11-year-old girl in a lewd or lascivious manner (*id.*).  The trial court accepted Matheny's guilty plea and sentenced him in accordance with the plea agreement (*id.* at 16–21).  Matheny did not appeal the judgment or sentence.

On or about January 29, 2009, Matheny filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of

---

[1] Citations to the state court record refer to the exhibits submitted with the State's answer (ECF No. 23).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Criminal Procedure (*see* ECF No. 23 at 2). Matheny filed an amended motion on March 4, 2010 (Ex. A at 5–25). The state circuit court summarily denied the Rule 3.850 motion on November 10, 2010 (*id.* at 45–50). Matheny appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-6642 (Ex. B). The First DCA affirmed the circuit court's decision per curiam without written opinion on March 30, 2011 (Ex. D). *Matheny v. State*, 61 So. 3d 1118 (Fla. 1st DCA 2011) (Table). The mandate issued June 6, 2011 (Ex. F).

On May 17, 2011, Matheny filed a petition for writ of habeas corpus in the First DCA, seeking a belated direct appeal (Ex. G). The First DCA assigned Case No. 1D11-2756 and denied the petition per curiam without written opinion on June 10, 2011 (Ex. H). *Matheny v. State*, 68 So. 3d 913 (Fla. 1st DCA 2011) (Mem). The First DCA denied Matheny's motion for rehearing on July 18, 2011 (Ex. I). Matheny sought discretionary review by the Supreme Court of Florida, Case No. SC11-2047 (Ex. K). The supreme court dismissed the case for lack of jurisdiction on October 24, 2011 (*id.*). *Matheny v. State*, 75 So. 3d 1245 (Fla. 2011) (Table).

On September 6, 2012, Matheny filed a motion to correct illegal sentence in the state circuit court, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. L at 1–4). He filed an amended motion on November 19, 2012 (*id.* at 12–18). The circuit court summarily denied the Rule 3.800 motion on December

20, 2012 (*id.* at 19–21).  However, on January 13, 2012, the court issued an order granting relief on one of Matheny's claims, i.e., that he was entitled to an additional three (3) days of jail credit (*id.* at 45–46).  On January 18, 2013, the clerk of court rendered a corrected judgment and sentence (*id.* at 47–52).  Matheny appealed the circuit court's decision of December 20, 2012, to the First DCA, Case No. 1D13-0751 (Ex. M).  The First DCA affirmed the circuit court's decision per curiam without written opinion on May 7, 2013 (Ex. P).  *Matheny v. State*, 114 So. 3d 941 (Fla. 1st DCA 2013) (Table).  The mandate issued July 1, 2013 (Ex. R).

On August 13, 2013, Matheny was released from prison and began serving the probationary term of his sentence (*see* Ex. S at 57).  On March 18, 2014, the Florida Department of Corrections ("FDOC") charged Matheny with violating the conditions of his supervision (*id.* at 47).  Matheny admitted the violation, and on June 5, 2014, the circuit court restored him to supervision but modified its terms and conditions (*id.* at 57–58).  Among the modifications, the court ordered Matheny to serve the first 12 months of supervision on community control (*id.*).

On November 6, 2014, Matheny filed a motion to convert his community control supervision to sex offender probation (Ex. S at 59–62).  On January 22, 2015, the FDOC charged Matheny with violating the conditions of his supervision (*id.* at

66–67, 72–74).  At a hearing on March 10, 2015, the circuit court dismissed the charge and restored Matheny to supervision (*id.* at 76).

On March 31, 2015, the FDOC again charged Matheny with violating the conditions of his supervision (Ex. S at 72–74).  At a hearing on May 14, 2015, the circuit court found Matheny not guilty of the violation and restored his community control supervision (*id.* at 77–80).

On October 12, 2015, the FDOC again charged Matheny with violating the conditions of his supervision (Ex. S at 89–92).  At a hearing on December 2, 2015, Matheny admitted one violation (Count 2), and the State dismissed the remaining violations (*id.* at 97–176).  The circuit court found Matheny guilty of Count 2 and sentenced him to fifteen (15) years in prison, with credit for all of the time he previously served in prison, his original jail time credit, and 215 days of additional jail credit (*id.* at 180–89).  Matheny appealed the circuit court's decision to the First DCA, Case No. 1D15-5922 (Ex. T).  Matheny's counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (*id.*).  Matheny filed a pro se initial brief (Ex. V).  The First DCA affirmed the circuit court's decision per curiam without written opinion on July 21, 2016 (Ex. W).

*Matheny v. State*, 197 So. 3d 46 (Fla. 1st DCA 2016) (Table).  The mandate issued August 16, 2016 (*id.*).

On September 26, 2016, Matheny filed a motion for correction of jail credit in the state circuit court, pursuant to Rule 3.801 of the Florida Rules of Criminal Procedure (Ex. X at 1–29).  The circuit court denied the motion on October 24, 2016 (*id.* at 30).  Matheny appealed the decision to the First DCA, Case No. 1D16-4956 (Ex. Y).  The First DCA affirmed the circuit court's decision per curiam without written opinion on January 31, 2017 (Ex. AA).  *Matheny v. State*, 222 So. 3d 1208 (Fla. 1st DCA 2017) (Table).  The mandate issued February 28, 2017 (*id.*).

On January 19, 2017, Matheny filed a Rule 3.800 motion in the state circuit court (Ex. BB at 18–22).  The circuit court denied the motion on May 26, 2017 (*id.* at 31–35).  Matheny appealed the decision to the First DCA, Case No. 1D17-2678 (Ex. CC).  The First DCA affirmed the circuit court's decision per curiam without written opinion on September 15, 2017 (Ex. EE).  *Matheny v. State*, 234 So. 3d 657 (Fla. 1st DCA 2017) (Table).  The mandate issued November 14, 2017 (GG).

On October 17, 2016, Matheny filed a Rule 3.850 motion in the circuit court (Ex. HH at 18–39).  Matheny filed an amended motion on February 9, 2017 (*id.* at 96–123).  The circuit court summarily denied the amended Rule 3.850 motion on May 26, 2017 (*id.* at 154–62).  Matheny appealed the decision to the First DCA,

Case No. 1D17-2680 (Ex. II).  The First DCA affirmed the circuit court's decision per curiam without written opinion on October 17, 2017 (Ex. KK).  *Matheny v. State*, 236 So. 3d 338 (Fla. 1st DCA 2017) (Table).  The mandate issued November 14, 2017 (MM).

On June 5, 2017, Matheny filed a "Motion for Clarification" in the state circuit court, seeking clarification of his jail credit (Ex. NN at 18–19).  He amended the motion twice (*id.* at 27–30).  The circuit court summarily denied the motion on June 21, 2017 (*id.* at 31–32).  Matheny appealed the decision to the First DCA, Case No. 1D17-2683 (Ex. OO).  The First DCA affirmed the circuit court's decision per curiam without written opinion on September 15, 2017 (Ex. QQ).  *Matheny v. State*, 234 So. 3d 655 (Fla. 1st DCA 2017) (Table).  The mandate issued October 13, 2017 (*id.*).

Matheny commenced this federal habeas action on May 2, 2018 (ECF No. 1).

## II.    STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254.  Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> **(1)**  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> **(2)**   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538

U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was per se ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's

decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam).  In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, *supra*, at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance." *Brumfield v. Cain*, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g.*, *Miller-El*, 537 U.S. at 340 (explaining that

a federal court can disagree with a state court's factual finding and, when guided by the AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

Only if the federal habeas court finds that the petitioner satisfied § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claim. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

Within this framework, the court will review Matheny's claims.

III.   MATHENY'S CLAIMS

A.   Ground One: "The lower circuit court failed to have jurisdiction to sentence this Petitioner. This case was dismissed."

Matheny alleges he was arrested for lewd or lascivious molestation on June 4, 2006 in Case No. 2006-CF-2621, but the court dismissed the charge on June 6, 2006, for lack of probable cause (ECF No. 1 at 5; ECF No. 30 at 1–8).[2] Matheny alleges

---

[2] When referencing the parties' pleadings, the court refers to the page numbers automatically assigned by the court's electronic filing system.

he was again arrested on June 12, 2006, for lewd or lascivious molestation (*id.*). Matheny contends the dismissal of the first charge barred his subsequent prosecution for the "same" charge in Case No. 2006-CF-2867 (*id.*). Matheny contends his prosecution on the second charge violated the Double Jeopardy Clause of the Fourteenth Amendment (*id.*). Matheny contends the circuit court lacked jurisdiction to sentence him to 15 years in prison on December 2, 2015, for violating the conditions of his probation, because the conviction on the original charge was unconstitutional (*id.*). Matheny states he presented this claim to the state courts in his amended Rule 3.850 motion challenging the VOP conviction and sentence, but the circuit court denied the claim, and the First DCA affirmed in Case No. 1D17-2680 (ECF No. 1 at 6).

The State concedes Matheny exhausted this claim in the state courts (ECF No. 23 at 14). The State contends the state court's adjudication of this claim was not contrary to or an unreasonable application of clearly established federal law (*id.* at 14–16).

  1.  Clearly Established Federal Law

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306, 104 S. Ct. 1805,

80 L. Ed. 2d 311 (1984). This guarantee is applicable to the states through the Fourteenth Amendment. *See Benton v. Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). The Double Jeopardy Clause embodies three separate guarantees: "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices*, 466 U.S. at 307–08 (citation and footnote omitted).

The Supreme Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition against double jeopardy has no application, until a defendant is "put to trial before the trier of facts, whether the trier be a jury or a judge." *Serfass v. United States*, 420 U.S. 377, 388, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975) (internal quotation marks and citations omitted). In the case of a jury trial, jeopardy attaches when the jury is empaneled and sworn. *Martinez v. Illinois*, 572 U.S. 833, 834, 839, 134 S. Ct. 2070, 188 L. Ed. 2d 1112 (2014); *Serfass*, 420 U.S. at 388. In a nonjury trial, jeopardy attached when the court begins to hear evidence. *Serfass*, 420 U.S. at 388 (citations omitted). Where the defendant elects not to proceed to trial, jeopardy attaches when the trial court unconditionally accepts a guilty plea. *United States v. Baggett*, 901 F.2d 1546, 1548 (11th Cir. 1990).

2.    Federal Review of State Court Decision

Matheny presented his double jeopardy claim on direct appeal of the VOP judgment and sentence, First DCA Case No. 1D15-5922 (Ex. V at 8–13).  The First DCA affirmed the judgment and sentence without written opinion (Ex. W).[3]

"[T]he summary nature of a state court's decision does not lessen the deference that it is due."  *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002); *see also Harrington*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").  Where a state court denies relief without providing an explanation or its reasoning, the habeas petitioner must show that there was no reasonable basis for the state court's decision.  *See Richter*, 562 U.S. at 98.  The federal court must determine what arguments or theories supported or could

---

[3] Matheny asserts he also presented the claim in his Rule 3.850 motion filed on October 17, 2016.  But the Rule 3.850 record demonstrates Matheny presented a <u>related</u> claim of ineffective assistance of trial counsel ("IATC") based upon counsel's failure to object to the VOP court's lack of jurisdiction (*see* Ex. HH at 104–06).  Matheny's IATC claim was not the same constitutional claim as his substantive double jeopardy claim.  *See Pietri v. Fla. Dep't of Corr.*, 641 F.3d 1276, 1289 (11th Cir. 2011) (holding that federal habeas petitioner's substantive judicial bias claim was not the same claim as his ineffective assistance of appellate counsel claim based on counsel's failure to raise the substantive claim; the two claims were "separate and distinct" for purposes of the federal habeas exhaustion requirement) (citation omitted); *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (holding that ineffective assistance claim based on counsel's failure to object to jury instruction was not the same as substantive due process claim challenging the trial court's giving of that instruction).

have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See id.* at 102; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

The First DCA's rejection of Matheny's claim could have been based upon the theory that jeopardy had not attached at the time the trial court dismissed the charging document in Case No. 2006-CF-2621 for lack of probable cause; therefore, his subsequent prosecution in Case No. 2006-CF-2687 was not barred by double jeopardy. This theory is not contrary to or an unreasonable application of clearly established federal law. *See Serfass*, 420 U.S. at 389 (rejecting defendant's argument that jeopardy constructively attached when the trial court granted the defendant's pre-trial motion to dismiss the charging document). *Cf. United States v. McIntosh*, 580 F.3d 1222, 1228 (11th Cir. 2009) (acceptance of defendant's unconditional guilty plea to offenses charged in original indictment prevented court, following dismissal of original indictment on government's motion to correct error

Case No.: 3:18cv1374/MCR/EMT

in date specified as being that on which offenses occurred, from later convicting

defendant of same offenses pursuant to restated allegations of second indictment).[4]

Matheny is not entitled to federal habeas relief on Ground One.

      B.     Ground Two: "Ineffective assistance of counsel."[5]

Matheny expressly withdrew this claim (ECF No. 30 at 8).

      C.     Ground Three: "Newly discovered evidence."

Matheny alleges the State "committed fraud" by prosecuting him twice for the

same offense (ECF No. 1 at 8; ECF No. 30 at 9–14). Matheny contends the State's

"fraud" is evidenced by the circuit court's allegedly inconsistent statements in its

orders denying post-conviction relief (*id.*). Matheny asserts the circuit court stated

the following in its order of November 10, 2010, denying his Rule 3.850 motion:

> As Defendant's motion demonstrates, he was first arrested on June 4,
> 2006, in case number 2006 CF 002621 and charged with molesting a
> victim less than 12 years old, with offender over 18, pursuant to section
> 800.04(5B)2, Florida Statutes. Defendant is correct that the case was
> dismissed. However, Defendant was later arrested, charged and

---

[4] Even if the state courts' adjudication of Matheny's related IATC claim was deemed the last state court adjudication of the merits of the claim asserted in Ground One, Matheny still would not be entitled to federal habeas relief. The state court rejected the IATC claim on the ground that trial counsel was not ineffective for failing to object to the trial court's jurisdiction, because the trial court's dismissal of the charge in open court prior to trial or acceptance of a plea did not bar future prosecution on the same charge (*see* Ex. HH at 156–57, Ex. KK).

[5] Matheny alleges defense counsel was ineffective during the VOP proceeding for failing to advise him that his plea to the VOP meant he forfeited all previously earned gain time and failing to object to the probation officer's failure to appear at sentencing (ECF No. 1 at 7).

convicted in the instant case [Case No. 2006-CF-2867] of lewd and lascivious conduct in violation of section 800.04(6)(b), Florida Statutes

(*see* Ex. HH at 82).   Matheny asserts the circuit court subsequently stated the following in its order of January 17, 2013, granting his Rule 3.800(a) motion for jail credit:

> The record supports Defendant's contention that both cases concerned the same offense.

(Ex. HH at 182–83).

Matheny contends the circuit court's determination that both cases concerned the same offense is "newly discovered evidence" that his second prosecution was vindictive and barred (ECF No. 30 at 11–14).   Matheny asserts he presented this claim in his amended Rule 3.850 motion (ECF No. 1 at 9).

Respondent contends Matheny failed to present this claim to the state courts; therefore, the claim is unexhausted and procedurally barred (ECF No. 23 at 21–26).

The state court record demonstrates that Matheny presented this claim of "Newly Discovered Evidence" in Ground Three of his amended Rule 3.850 motion filed on February 9, 2017 (Ex. HH at 112–18).   The state circuit court adjudicated the claim as follows:

> Defendant [ ] objects to a statement he alleges was made by the State in 2010 that Defendant was arrested, charged, and convicted in the instant case of violation of section 800.04(6)(b).   This statement

appears in the order of November 12, 2010, denying postconviction relief. (Exhibit C.) It does not provide a basis for postconviction relief.

Defendant also alleges he received a copy of the January 17, 2013, order after the December 16, 2015, appeal of his current sentence. He alleges the January 17, 2013, order shows he was arrested twice for the same charges. He claims this information is newly discovered evidence that shows vindictive prosecution.

Defendant has been alleging he was arrested twice on the same charges since at least 2010. The January 17, 2013, order finding the record supports his contention that both cases concerned the same offense is not newly discovered evidence. Defendant's allegations and claim of vindictive prosecution are insufficient to state a timely claim for postconviction relief.

(Ex. HH at 159). The First DCA affirmed the circuit court's decision without written opinion (Ex. KK).

As an initial matter, Matheny's "newly discovered evidence" claim is not cognizable in federal habeas. The function of federal habeas corpus is to redress constitutional errors, not to relitigate state criminal cases. *See Herrera v. Collins*, 506 U.S. 390, 401, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). Consequently, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Id.* at 400; *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) (explaining, after declining to consider freestanding claim of actual innocence because it did not

fall within certificate of appealability order, "our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases"); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002) (citing *Herrera*) ("It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.").

The Supreme Court has explained that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). The Court described the standard for stating an actual innocence claim as follows:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Schlup v. Delo,* 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Matheny's "newly discovered evidence" claim is not based upon any new facts or evidence; instead, it is a recast version of his double jeopardy claim. As discussed *supra*, no double jeopardy violation occurred in the state criminal proceedings, because jeopardy did not attach in Case No. 2006-CF-2621. The court dismissed the charge in that case prior to accepting a guilty plea or putting Matheny

to trial.  Therefore, Matheny's subsequent prosecution in Case No. 2006-CF-2687 was not barred by double jeopardy.  Matheny is not entitled to federal habeas relief on the "newly discovered evidence" claim asserted in Ground Three.

    D.   Ground Four:  "Erroneous designated [sic] as a sexual predator for 1 count lewd-lascivious conduct."

Matheny contends he was illegally designated a sexual predator (ECF No. 1 at 10; ECF No. 30 at 14–21 ).  He argues his offense (lewd or lascivious molestation of a victim less than 12 years of age) was not a "qualifying offense" because it was a second-degree felony, not a capital offense, life offense, or first-degree felony (*id.*).  He also argues the designation violated the Ex Post Facto Clause, because the court used a 1992 conviction to support the designation, but that conviction predated the effective date of Florida's Sexual Predators Act, October 1, 1993 (*id.*).  Matheny asserts he presented this claim to the state courts in his Rule 3.800 motion (ECF No. 1 at 11).

The State concedes Matheny exhausted Ground Four (ECF No. 23 at 26).  The State contends the state court's decision was not contrary to or an unreasonable application of federal constitutional law (*id.* at 27–28).

    1.   Clearly Established Federal Law

Article I, § 10, of the Constitution prohibits the States from passing any "ex post facto Law."  The Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts."  *Collins v. Youngblood*, 497 U.S. 37, 43, 110 S. Ct. 2715, 2718, 111 L.Ed.2d 30 (1990) (citations omitted).  The question of whether an Act is punitive in nature is initially one of statutory construction.  *Kansas v. Hendricks*, 521 U.S. 346, 361, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997) (citation omitted).  A court must ascertain whether the legislature intended the statute to establish civil proceedings.   A court will reject the legislature's manifest intent only where a party challenging the Act provides "the clearest proof that the statutory scheme is so punitive in either purpose or effect as to negate the State's intention."  *Hendricks*, 521 U.S. at 361 (citation omitted).

2.    Federal Review of State Court Decision

Matheny presented this claim in his Rule 3.800 motion filed on January 19, 2017 (Ex. BB at 18–22).  But the record demonstrates the state circuit court rejected the claim on state procedural grounds, specifically, Matheny challenged his sexual predator designation on the same grounds in a motion filed in 2012, which the court denied on December 20, 2012 (*id.* at 31–32).  The First DCA affirmed the circuit court's procedural ruling (Ex. EE).

Indeed, as Issue Two of Matheny's Rule 3.800(a) motion filed on November 19, 2012, Matheny presented the same challenges to his sexual predator designation as he presents in Ground Four of his § 2254 petition (Ex. L at 16–18).  The circuit court rejected the claim as follows:

>  In his second claim, Defendant alleges . . . the [sexual predator] designation was based on offenses that occurred in 1992, prior to October 1, 1993, the effective date of the Sexual Predator Act, and claims the offenses therefore could not have been used pursuant to section 775.21(4), Florida Statutes.  He also claims it was error to designate him as a sexual predator for a conviction pursuant to section 800.04(6)(b), Florid Statutes, a second degree felony.
>
> The record shows Defendant entered a plea for a lesser offense to the one charged, in which he agreed to be sentenced as a sexual predator.  (Exhibits A, B.)  Therefore, he may not now seek to be relieved of the terms of his agreement.  *See Kingry v. State*, 28 So. 3d 173, 174 (Fla 1st DCA 2010). . . [S]ection 775.21(4) does not require prior offenses to have occurred subsequent to October 1, 1993.

(Ex. L at 20–21).  The First DCA affirmed the decision without written opinion (Ex. P).

Matheny's Ex Post Facto challenge to his sexual predator designation is without merit.  Florida's Sexual Predators Act states, "The designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes."  Fla. Stat. § 775.21(3)(d); *see also Cuevas v. State*, 31 So. 3d 290, 291 (Fla. 3d DCA 2010) (Florida Sexual Predators

Act, is "regulatory and procedural in nature" and thus, designation as a sexual predator does not violate the Ex Post Facto Clause or "impermissibly modify a criminal sentence or punishment.") (citation omitted); *Andrews v. State*, 792 So. 2d 1274, 1275 (Fla. 4th DCA 2001) (requirements of the Florida Sexual Predators Act are procedural and regulatory in nature) (citations omitted).   Matheny has not provided "the clearest proof that the statutory scheme is so punitive in either purpose or effect as to negate the State's intention."   *See Hendricks*, 521 U.S. at 361. Therefore, the Ex Post Facto Clause does not apply.   Moreover, Matheny's sexual predator designation was imposed because of his offense conduct in 2006, which occurred well after the effective date of the Sexual Predators Act.   Matheny's Ex Post Facto challenge to his sexual predator designation is without merit.

With respect to Matheny's contention that his current offense (lewd or lascivious molestation of a victim less than 12 years of age) was not a "qualifying offense" because it was a second-degree felony, not a capital, life, or first-degree felony, this argument is likewise without merit.   Since the effective date of Florida's Sexual Predators Act, October 1, 1993, the Act has included in the definition of "sexual predator" an offender whose "current offense" is a second-degree felony violation of § 800.04.   Fla. Stat. § 775.21(4)(b) (initially enacted as § 775.22(2)(b)). Matheny does not dispute he pleaded guilty to, and was convicted of, a violation of

§ 800.04, and the written plea agreement and criminal judgment confirm this (Ex. A at 52–57, 76–79).    Matheny's argument is thus refuted by the clear statutory language.

Matheny's challenges to his sexual predator designation are without merit. Therefore, he is not entitled to federal habeas relief on Ground Four.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19<u>th</u> day of September 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use</u>**

**only, and does not control.  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**